IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00382-01-CR-W-NKL |
| ROSA CISNEROS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On January 28, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.   BACKGROUND*

On December 15, 2009, an indictment was returned charging defendant with one count of making a false statement on an application for a passport, in violation of 18 U.S.C. § 1542. Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on January 28, 2010. Defendant was present, represented by Assistant Federal Public Defender Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney David Ketchmark. The proceedings were recorded and a transcript of the hearing was filed on January 29, 2010.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of de novo review by a district judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. <u>Id.</u>

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On December 15, 2009, an indictment was returned charging defendant with one violation of 18 U.S.C. § 1542 by making a false statement on a passport application (Tr. at 4).

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 4-5).

3. Defendant was advised of the following:

   a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That she has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 6);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 6);

e. That defendant would have an opportunity to subpoena witnesses to testify on her behalf (Tr. at 7);

f. That defendant would have an opportunity to testify on her own behalf, but that she would not be required to and the jury would be instructed that they could not draw an adverse inference if she chose not to testify (Tr. at 6-7); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7-8).

4. Defendant was informed and understood that by pleading guilty, she is giving up all of the rights described above (Tr. at 8).

5. Defendant was informed that during the change-of-plea proceeding, she would be placed under oath and questioned by counsel and the judge (Tr. at 8-9). Defendant was further informed that she must answer questions truthfully while under oath (Tr. at 9). Defendant stated that she understood (Tr. at 9).

6. Defense counsel had full access to the government's file and agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 9, 10-11).

7. Government counsel stated that its evidence would show that:

> [O]n July 21st of 2009, this defendant, Rosa Cisneros, submitted DS-11, U.S. Passport Application, and there's a number that's set forth in the plea agreement, in the name of Veronica R. Sanchez to the North Kansas City, Missouri Passport Office here in the Western District of Missouri. In the U.S. Passport Application, this defendant represented her Social Security Number as 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, with a date of birth she represented of September the 12th of 1973, in Calexico, Imperial, California. This defendant also presented a Kansas driver's license in the name of Veronica R. Sanchez and the State of California Certificate of Birth in the name of Veronica R. Sanchez. The applicant's signature appears below a declaration that states, in part, that the statements on the application are true and correct. During the adjudication of this U.S. Passport Application, the Fraud Prevention Manager noticed that the identity under which this defendant was applying had twice been issued a U.S. passport. The first was issued in error in 1999 to this defendant utilizing the identical vital statistical information, including the date of birth and Social Security Number. And then on December 3rd, 2009, this defendant was arrested by Special Agent Chris Kopeck and Special Agent Kemmi Sadler, at 1511 Belmont Avenue in Kansas City, Missouri. Upon answering the door, this defendant identified herself as Rosa Cisneros and invited the agents inside of the home. Special Agent Kopeck showed this defendant the photograph from the DS-11 form and asked if she knew was depicted in the photograph. The defendant stated that it was a photograph of her and she advised that she also goes by the name of Veronica Sanchez.

(Tr. at 9-10).

8. Defendant was placed under oath (Tr. at 11) and admitted the following: Sometime around July 21, 2009, she was in the Western District of Missouri and applied for a passport while misrepresenting that she was Veronica Raquel Sanchez; she knew that she was not Veronica Sanchez; she knew that the date of birth was not her true date of birth; and she knew that the

6

Social Security number she provided was not her true Social Security number (Tr. at 11-12).

9. Defendant is familiar with the plea agreement, discussed it with her attorney, and understands it (Tr. at 17). In addition, I went over the plea agreement with the defendant (Tr. at 13-17).

10. No one made any threats or promises to get defendant to plead guilty (Tr. at 17-18). Her guilty plea is a free and voluntary act (Tr. at 17-18).

11. Defendant is satisfied with the advice and guidance she has received from Ms. Holloman-Hughes. (Tr. at 23). There is nothing she wanted Ms. Holloman-Hughes to do that she did not do, and there is nothing Ms. Holloman-Hughes has done that defendant did not want Ms. Holloman-Hughes to do (Tr. at 18).

12. Defendant is 38 years of age and has an eighth grade education (Tr. at 18). She had no difficulty understanding the proceedings as interpreted by the Spanish-speaking interpreter (Tr. at 18-19). Defendant has no physical, mental health, or substance abuse issues (Tr. at 19).

13. Defendant tendered a plea of guilty to the crime charged in the indictment (Tr. at 19-20).

### IV. *ELEMENTS OF THE CHARGED OFFENSES*

The elements necessary to sustain a conviction for making a false statement in a passport application are: (1) willfully,

(2) making a false statement on a United States passport application, (3) with the intent to induce or secure the issuance of the passport.  Rodriquez v. Gonzales, 451 F.3d 60 (2nd Cir. 2006).

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1.  The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2.  Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the indictment.

Counsel are advised that each has five days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 5, 2010